## THOMAS H. PATTERSON *against* THOMAS PATTERSON'S Administrator.

### IN ERROR.

That part of a deposition which is in the hand writing of the agent or attorney of the party, cannot be read, although an agent of the other party was present and cross-examined the witness, after having objected to his competency on the ground of interest. The cross examination in the hand writing of the justice is not exceptionable, and may be read.

A signed his name to a blank paper and gave it to B, for whom he had agreed to be surety to C, for money about to be borrowed. B got the money, and wrote a joint and several note, together with his own signature and put a seal to it, above the signature of A, and also a seal to the signature of A. *Held:* That in a suit on the note, against B alone, he could not avail himself of these circumstances, as a defence, upon the plea of *non est factum.*

FROM *Westmoreland* county.

This was on action of debt on a note under seal, in which *Nancy Patterson,* administratrix of *Thomas Patterson,* was plaintiff, and *Thomas H. Patterson* was defendant. It was a joint and several note by the defendant and *John Patterson:* but this suit was against *Thomas Patterson* alone. Plea, *non est factum.*

The defendant offered in evidence the deposition of *John Pat-*

(Thomas H. Patterson *v.* Thomas Patterson's administrator.)

*terson,* which was objected to on the ground that a part of it was in the hand writing of *Alfred Patterson,* a brother of the defendant, who acted as his attorney in taking, the deposition. On this subject it appeared, *Alfred Patterson* had been admitted as an attorney at law in Westmoreland county; he brought that part of the deposition with him to the office of the justice, and read it to the witness; the residue of the deposition, (being the cross-examination,) was written by the justice. An agent of the plaintiff attended, and objected to the taking of the deposition, alleging as a reason, that the witness was a party in interest in the suit: he then cross-examined the witness. It also appeared, that a few weeks before the trial of the cause, the defendant called upon the plaintiff's agent to know whether the deposition would be objected to on the ground of its not having been written by the justice, stating that if it would, he would proceed to take it again more formally. To which the agent answered, "he did not know, that it would lie in the breast of the Court and those who were em . . . you."

The Court rejected the deposition, except the cross-examination by the plaintiff's agent, which was written by the justice.

That part of it which was read, stated, that the signature "*John Patterson*" to the note, was in the hand writing of the witness: that he signed his name to a blank, without any writing above it; that his son got it: there was no particular conversation or instructions about the filling up of the note: that no authority was given to put a seal to the note: that the seal was not put there by him, nor by his authority.

Defendant's counsel prayed the Court to charge the jury, that if they believed the testimony of *John Patterson,* that he did not put his seal to the note, nor authorize any one to do it for him, and a seal was put to it without his direction or authority, the plaintiff could not recover.

*Young, president.*—Charged the jury, "that if they believed that the defendant had signed and sealed the paper in question, it did not signify whether *John Patterson,* the other, had put his seal to it or not.

*J. B. Alexander,* and *A. W. Foster* for plaintiff in error. See *Ogle* v. *Graham, ante.*

*Coulter* for defendant in error, whom the Court declined to hear.

The opinion of the Court was delivered by

Rogers, J.—There can be no reasonable doubt, that *Alfred Patterson* was the attorney of the defendant. He attended when

26

(Thomas H. Patterson *v.* Thomas Patterson's administrator.)

the deposition was taken, declares himself the attorney, and acted as such, in the presence and by the authority of the defendant. The defendant shall not now be permitted to say, that he was not employed as attorney. Whether he was retained in the cause generally, or was merely employed, for a special purpose, makes no difference as was decided at Sunbury, in a case not yet reported.[*]

The defendant's counsel allege there is error in refusing to charge the jury, that if they believed the testimony of *John Patterson*, who stated, that he did not put his seal to the note, nor authorize any person to do it for him, and a seal was put to it without his direction or authority, the plaintiff cannot recover.

This was a joint and several note, and the suit is brought against *Thomas H. Patterson*, the son, who transacted the business, and received the money. It is not alleged, and I suppose cannot be with truth, that any additions were made after the delivery of the note. How then, has the defendant supported his plea, that this is not his deed? It is undoubtedly the deed of *Thomas H. Patterson*, whatever effect the alteration of the instrument may produce as respects *John Patterson*. The Court were correct in charging the jury, that if they believed the defendant had signed and sealed the paper in question, it did not signify whether *John Patterson* had put his seal to it or not. Even if the suit had been brought against *John Patterson*, the jury would have been right in considering *Thomas* as the agent of his father, and authorized to put his seal to the note. The distinguishing feature of this, and of *Graham* v. *Ogle*, is, that the alteration was made *before* and not after delivery.

Judgment affirmed.

---

[*] Addleman *v.* Masterson, 1 Penn. Rep. 454.